IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARKIAN SLOBODIAN**, as Trustee for the Bankruptcy Estate of Net Pay Solutions, Inc., d/b/a Net Pay Payroll Services, | : CIVIL NO. 1:13-cv-2677 :  : (Chief Judge Conner) : |
| **Plaintiff**, | : |
| v. | : : |
| **THE UNITED STATES OF AMERICA**, through the Internal Revenue Service, | : : : |
| **Defendant**. | : |

## ORDER

AND NOW, this 10th day of July, 2014, upon consideration of the motion (Doc. 16) filed on May 21, 2014, by debtor Net Pay Solutions, Inc., d/b/a Net Pay Payroll Services ("Net Pay"), through its trustee, Markian Slobodian ("trustee"), seeking reconsideration of the court's memorandum and order (Docs. 14-15) granting in part and denying in part the United States' motion (Doc. 5) to dismiss Net Pay's first amended adversary complaint (Doc. 1), wherein the court found that Net Pay sufficiently states a claim for avoidance of a preferential transfer pursuant to 11 U.S.C. § 547, but further found that the complaint fails to state a claim for an actual or constructive fraudulent transfer pursuant to 11 U.S.C. § 548 or 12 Pa. Cons. Stat. § 5104, and specifically held that the trustee failed to plead facts establishing an actual fraud sufficient to satisfy 11 U.S.C. § 548(a)(1)(A), (Doc. 14 at 10-11),which requires proof of an "actual intent to hinder, delay, or defraud any entity to which the debtor was or became . . . indebted," see 11 U.S.C. § 548(a)(1)(A);

see also FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."), and also failed to state a claim for constructive fraud given the trustee's own concessions that Net Pay's transfers were made in satisfaction of antecedent debts, (Doc. 14 at 10-11), and were thus made for "reasonably equivalent value," see 11 U.S.C. § 548(a)(1)(B) (a transfer may be avoided as constructively fraudulent only if the transferor "received less than a reasonably equivalent value in exchange for such transfer"), and the court finding that nothing in the trustee's instant motion demonstrates an error of law or fact satisfying the exacting requirements for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999) (Rule 59(e) motion should be granted only when the court finds "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [initial] motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice"); see also Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of"); Database Am. Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (movant "must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'"), and the court further noting that the proposed amended complaint attached to the trustee's motion fails to cure the pleading

deficiencies identified in the court's initial memorandum and order and reiterated herein, and observing in particular that the handful of amendments offered by the trustee at paragraphs 41 through 48 of the proposed amended complaint (Doc. 16-1 ¶¶ 41-48)[1] in support of the trustee's actual fraud claim are impermissibly vague and fail to satisfy the heightened pleading standards for claims alleging fraud, see FED. R. CIV. P. 9(b); see also 11 U.S.C. § 548(a)(1)(A) (requiring plaintiff to plead facts establishing "actual intent to hinder, delay, or defraud"), and thus concluding that leave to amend the complaint would be futile, see Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (courts should liberally grant leave to amend pleadings "unless such an amendment would be inequitable or futile") (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)), it is hereby ORDERED that:

1. The trustee's motion (Doc. 16) for reconsideration or in the alternative for leave to file a second amended complaint is DENIED.

2. The case management deadlines established by order (Doc. 19) dated May 28, 2014 are unaffected by this order.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] In the proposed second amended complaint, the trustee alleges that Net Pay made unidentified "representations" to its "defrauded customers" beginning in August of 2009 and continuing through its bankruptcy petition date, that Net Pay knew its representations to be false, and that Net Pay made these representations "knowingly and intentionally." (Doc. 16-1 ¶¶ 41-48). Again, the trustee offers nothing beyond a formulaic recitation of the elements of a fraud claim. As the court has previously held, this is plainly insufficient. See Fed. R. Civ. P. 12(b)(6); see also Fed. R. Civ. P. 9(b).